UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>　　　　　　　　　Defendant. | Civil No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), files this complaint for declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, — more specifically, the failure of the Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), to respond to Plaintiff's August 14, 2017 FOIA request (EPA-HQ-2017-010504) and August 17, 2017 FOIA request (EPA-HQ-2017-010603) within 20 working days as mandated by the statute, and to produce the records improperly withheld by Defendant.

1

**JURISDICTION**

2. This action arises under the citizen suit provision of the Freedom of Information Act.  5 U.S.C. § 552(a)(4)(B).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This Court is a proper venue for all FOIA actions.  5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

5. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and to order production of such records, and grant other equitable relief as the Court may deem just and proper.  5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

6. This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its administrative remedies through EPA's failure to respond within 20 working days as required by law.  5 U.S.C. § 552(a)(6)(A)(i).  Under FOIA, requesters "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).

7. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws. Consistent with our mission, we submit FOIA requests from time to time for records that may indicate how outside interests may be influencing EPA's implementation or interpretation of its statutory responsibility to protect health and the environment.

9. Defendant EPA is a government agency responsible for protecting human health and the environment. Defendant EPA has possession, custody, and control of records to which Plaintiff EIP seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

### EPA's Requirements to Respond to FOIA Requests

10. FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution services from the FOIA Public Liaison. . . ." 5 U.S.C. § 552(a)(6)(A)(i). In "unusual

circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry. *Id*. Thus, the statute mandates that an agency shall respond with a determination no more than 30 working days after receiving a FOIA request.

11. Upon any request for records, an agency shall make the records "promptly available." 5 U.S.C. § 552(a)(3)(A); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a determination to grant a request in whole or in part, it will release the records or parts of records…").

### Exhaustion of Administrative Remedies

12. FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(6)(C)(i).

## FACTUAL BACKGROUND

### August 14 FOIA Request

13. On August 14, 2017, Plaintiff submitted a FOIA request using the federal government's FOIAonline website, seeking: (1) Administrator Pruitt's schedule of meetings with outside parties from May 19, 2017 to August 14, 2017, and (2) Administrator Pruitt's travel vouchers from June 13, 2017 to August 14, 2017. This request included an offer to clarify and limit the request. *See* 5 U.S.C. § 552; EIP FOIA Request (August 14, 2017) (Ex. A).

14. EPA confirmed that it received the request on August 14, 2017. The FOIA tracking number for this request is EPA-HQ-2017-010504. EPA Receipt Confirmation Email to EIP (August 17, 2017) (Ex. B).

15. EPA neither responded to the request nor sought any clarification or extension by September 12, 2017 (i.e., within 20 working days after receiving the FOIA request).

### August 17 FOIA Request

16. On August 17, 2017, Plaintiff submitted a FOIA request using the federal government's FOIAonline website, seeking records of travel vouchers for all travel outside of Washington, DC by any and all EPA staff accompanying Administrator Pruitt, (1) from February 21, 2017 through June 4, 2017, and (2) from June 13, 2017 through August 17, 2017. *See* 5 U.S.C. § 552; EIP FOIA Request (August 17, 2017) (Ex. C). This request included an offer to clarify and limit the request.

17. EPA confirmed that it received the request on August 17, 2017. The FOIA tracking number for this request is EPA-HQ-2017-010603. EPA Receipt Confirmation Email to EIP (August 17, 2017) (Ex. D).

18. EPA neither responded to the request nor sought any clarification or extension by September 15, 2017 (i.e., within 20 working days after receiving the FOIA request).

### EPA's Failure to Respond and Produce the Requested Records

19. On October 10, 2017, EIP emailed Defendant to ask for a status update on when EPA will respond to and produce the requested records for both the August 14 FOIA request and the August 17 FOIA request. *See* Email Exchange between Sylvia Lam, EIP and Wendy Blake, EPA (October 10-16, 2017) (Ex. E).

20. EPA replied on both October 13 and October 16, 2017 that it cannot provide a schedule for when it will respond to and release the records in response to either the August 14 FOIA request or the August 17 FOIA request. Ex. E.

21. As of the date of filing this complaint, Defendant EPA has neither notified Plaintiff of any determinations it may have made as to whether to comply with Plaintiff's FOIA requests nor produced any records in response to either request.

## CLAIM FOR RELIEF:

## VIOLATION OF 5 U.S.C. § 552

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21.

23. Plaintiff has a statutory right to have EPA process Plaintiff's FOIA requests and to receive notice of EPA's determination whether to comply with Plaintiff's requests within the timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

24. Defendant's failure to timely respond to Plaintiff's FOIA request is an improper withholding of requested records and violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i). FOIA then requires that "each agency, upon any request for records… make the records promptly available…" 5 U.S.C. § 552(a)(3)(A).

25. This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the Agency.

26. EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced and are held by EPA.

27. EPA's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendant's failure to timely respond to Plaintiff's requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B).

B. Order Defendant to respond to Plaintiff's August 14, 2017 and August 17, 2017 FOIA requests.

C. Order Defendant to immediately provide Plaintiff with all records responsive to Plaintiff's FOIA requests.

D. If EPA's response to either the August 14 or August 17 FOIA request claims that any records or portions of records are exempt from disclosure, order Defendant to provide a reasonable basis for its exemptions to satisfy requirements of the *Vaughn v. Rose*.[1]

E. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

F. Retain jurisdiction to ensure compliance with the Court's decree.

G. Grant such other relief as the Court deems just and proper.

---

[1] 484 F.2d 820 (D.C. Cir. 1973).

8

DATED:	October 17, 2017

Respectfully submitted,

/s/ Eric Schaeffer_____
Eric Schaeffer, DC Bar No. 427669
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4440
eschaeffer@environmentalintegrity.org

*Counsel for Environmental Integrity Project*